■ COMMISSIONER OF LABOR OF THE STATE OF NEW YORK, Respondent, v RICHARD COROGANA, Appellant. [732 NYS2d 587] —In an action pursuant to Labor Law §§ 218 and 219 to recover unpaid wages, the defendant appeals from an order of the Supreme Court, Kings County (Demarest, J.), dated May 2, 2000, which denied his motion to vacate a clerk's judgment of the same court entered January 28, 2000, against him in the principal sum of $4,638.18.

Ordered that the order is affirmed, with costs.

In 1998 Barbara R. Frankel, the appellant's employee, filed a claim with the New York State Department of Labor for unpaid wages. On January 15, 1999, the plaintiff, the Commissioner of Labor (hereinafter the Commissioner) issued an order (hereinafter the Commissioner's order) pursuant to Labor Law §§ 218 and 219, directing the appellant to comply with Labor Law article 6 and pay to the Commissioner, *inter alia*, the unpaid wages owed to Frankel. In accordance with Labor Law § 101 (1), the Commissioner's order stated that the appellant had 60 days to file a petition with the Industrial Board of Appeals (hereinafter the Board) to review that order. Moreover, the Commissioner's order stated that if the appellant did not remit payment to the Commissioner or file a petition with the Board within 60 days, the order would be filed with the Clerk in the county of the appellant's residence or place of business, whereupon the Clerk would enter judgment against him.

Since the appellant failed to either pay the wages or commence a review proceeding with the Board within 60 days, the Commissioner's order became "final and not subject to review by any court or agency" (Labor Law § 218 [2]; § 219 [2]). The Commissioner's order was filed with the Clerk of Kings County, and a judgment against the appellant was entered upon it on January 28, 2000 (*see,* Labor Law § 218 [3]; § 219 [3]). Thus, the appellant was barred from seeking review of the clerk's judgment (*see,* Labor Law § 218 [2]; § 219 [2]), and the Supreme Court properly denied the motion to vacate the judgment. Altman, J. P., Krausman, Goldstein and Crane, JJ., concur.